**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUKA AVTANDILASHVILI,** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-3549** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                          **June 2, 2026**

## MEMORANDUM

Petitioner Luka Avtandilashvili filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 10 [hereinafter Pet.]. Avtandilashvili alleges, among other things, that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process rights and the Immigration and Nationality Act ("INA"). *Id.* ¶¶ 49–59.

Avtandilashvili is a noncitizen from Georgia. Pet. ¶ 17. He entered the United States on May 1, 2023. *Id.* ¶ 2. Thereafter, Avtandilashvili was placed in removal proceedings and he also filed an application for asylum that remains pending. *Id.* ¶ 2–3. On May 29, 2026—more than three years after Avtandilashvili entered the country—ICE took him into custody at the Federal Detention Center in Philadelphia during a scheduled check-in appointment. *Id.* ¶ 4.

On the Government's view, Avtandilashvili is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *See also*

1

ECF No. 5 at 5–7 [hereinafter Government's Resp.]. Avtandilashvili challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a). Pet. ¶ 6–9.

The Government argues, unconvincingly, that Avtandilashvili is detained under § 1225(a)(1) and § 1225(b)(2) because he is, on the Government's view, an "applicant for admission." Government's Resp. at 5–7. As the Government acknowledges throughout its briefing, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Government's Resp. at 3 (noting that "courts in this district (and many elsewhere) have concluded that § 1225(b)(2)(A) does not apply . . . ."). Moreover, Avtandilashvili has been in the United States for more than three years, which strains credulity to consider him an "arriving alien" as the Government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Avtandilashvili's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025).

This Court therefore grants Avtandilashvili's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Avtandilashvili is a harm to the community or a flight risk.

Moreover, ICE is enjoined from detaining Avtandilashvili under 8 U.S.C. § 1226(a) for seven days following his release.